
CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 APR 21 PM 3:57

DEPUTY CLERK BMG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ISMEAL COMPEAN,<br>Institutional ID No. 1813267,<br>SID No. 8138914,<br><br>          Plaintiff,<br><br>V.<br><br>OLIVER VASQUEZ, Lt.,<br>*et al.*,<br><br>          Defendants. | CIVIL ACTION NO.<br>5:16-CV-035-BQ<br>ECF |

## **REPORT AND RECOMMENDATION AND ORDER OF TRANSFER**

This case was referred to the magistrate judge by order dated March 10, 2016. ECF No. 9. In accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and determined that Plaintiff Ismeal Compean's claims against Defendants for excessive use of force and failure to intervene survived preliminary screening. ECF No. 14. Consequently, the court ordered that Defendants be served and file answers or otherwise respond to the complaint. *Id.* Defendants Garcia, Vasquez, and Esquivel filed their answer on February 3, 2017, and Defendant Jarvis filed his answer on March 1, 2017. ECF Nos. 16, 24. Defendant Spaggiari was served on March 23, 2017. ECF No. 27. Federal Rule of Civil Procedure 12(a)(1)(A)(i) therefore required an answer or other response by April 13, 2017; however, Spaggiari has filed no responsive pleading. As of today's date, not all parties have consented to jurisdiction by the magistrate judge. Having disposed of all remaining non-dispositive issues, and upon review of Defendants' respective answers, it is the undersigned's opinion that this matter must be transferred to the district judge for further proceedings.

The undersigned previously found that Compean's claims for excessive use of force and bystander liability (i.e., failure to intervene) survive preliminary screening. *See* Order, at 1–3 (ECF No. 14). Compean alleges that on September 1, 2015, Lieutenant Oliver Vasquez and Sergeant Alcario Garcia directed a ten-man Emergency Response Team (ERT) to forcibly enter his cell and remove him. During this incident, Compean claims that three team members—Officers Kevin Jarvis, Rafael Esquivel, and Dustin Spaggiari—utilized excessive force against him in violation of the Eighth Amendment, and that Lieutenant Vasquez and Sergeant Garcia failed to intervene and prevent the alleged use of excessive force. In addition to Compean's pleadings, as well as records provided by the institution, the court also reviewed a video of the incident, including the ERT's entry into Compean's cell.

To establish a constitutional violation for excessive use of force by a jail or prison official, a plaintiff must show that the defendant unnecessarily and wantonly inflicted pain. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Whether use of force is unnecessary or wanton depends on if the "force was applied in a good-faith effort to maintain or restore discipline or maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley*, 475 U.S. at 320); *see also Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996) ("The amount of force that is constitutionally permissible . . . must be judged by the context in which that force is deployed."). Factors relevant to this determination include, but are not limited to, the following: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stadler*, 137 F.3d 836, 838 (5th Cir. 1998).

Compean's claims survive initial review. Compean alleges Defendants Jarvis, Esquivel, and Spaggiari administered chemical agents, entered his cell, beat him, and forcibly removed him after his cellmate took control of the food slot on their cell door. Compl., at 3 (ECF No. 1). He contends that at all relevant times he was compliant towards the officers, laying naked and submissive on the floor when the officers entered his cell and allegedly used excessive force. In his Complaint and at the *Spears* hearing, Compean claimed he suffered a busted lip, head injuries, and a cracked tooth. He also alleges he suffered from headaches for three weeks after the incident because the officers broke his glasses and he had difficulty seeing. Considering the record at this stage of the litigation, the court finds Compean has alleged sufficient facts supporting his excessive use of force claims against Defendants Jarvis, Esquivel, and Spaggiari to survive preliminary screening. *See Williams v. Bramer*, 180 F.3d 699, 702 (5th Cir. 1999) (recognizing that a cognizable injury in an excessive force claim depends entirely on the context in which it arises, court found identical injury (loss of breath and dizziness) to be *de minimis* where officer choked detainee pursuant to physical search for evidence, but actionable where officer allegedly choked detainee in response to threat of an internal affairs investigation).

As to Compean's claims against Lieutenant Vasquez and Sergeant Garcia, a prison official's failure to intervene in others' use of excessive force against an inmate may also violate the Eighth Amendment and subject the official to § 1983 liability. *Rogers v. Buchanan*, No. 3:12-CV-2458-M-BN, 2015 WL 3439145, at *5 (N.D. Tex. Mar. 27, 2015) (citing *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)). An officer may be liable if he fails to take reasonable measures to protect the plaintiff from excessive force. *Hale*, 45 F.3d at 919; *see also Spencer v. Rau*, 542 F. Supp. 2d 583, 594 (W.D. Tex. 2007) (relying on *Davis v. Rennie*, 264 F.3d 86, 97–98 (1st Cir. 2001)) (holding that an officer may be liable for failing to intervene if he "was present when the

force was used, observed the use of excessive force, was in a position where he could realistically prevent the force, and had sufficient time to prevent it"). Compean asserts Defendants Vasquez and Garcia commanded the ten-man extraction team, they were present during the administration of allegedly excessive force, and did nothing to stop it. Furthermore, he alleges the officials positioned the video cameras recording the extraction team in such a way to allow "most of the assault to go undetected." Compl., at 4. Compean has alleged sufficient facts for his bystander liability claims against Defendants Vasquez and Garcia to survive preliminary screening.

Considering all of Compean's allegations together and construing them as true, his claims do not rest upon clearly baseless factual contentions or indisputably meritless legal theories. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Thus, Compean's claims against Defendants survive preliminary screening and should move forward. *See, e.g., Moss v. Brown*, 409 F. App'x 732, 733 (5th Cir. 2010) (finding prisoner's Eighth Amendment excessive force claim had an arguable basis in fact where he alleged that a seven-man use-of-force team was ordered to intentionally and maliciously cause harm rather than as a good-faith effort to restore order, and reversing dismissal of the claim as frivolous); *Sanders v. Dall. Sheriff's Dep't*, No. 3:14-CV-2039-L, 2015 WL 539431, at *4 (N.D. Tex. Feb. 6, 2015) (finding that a prisoner plaintiff's excessive force claim survived screening when he alleged that an officer used enough force to tear a tendon in his bicep after the plaintiff refused to come out of his cell); *Harmon v. Dall. Police Dep't*, No. 3:14-CV-2038-D-BN, 2014 WL 6680730, at *4 (N.D. Tex. Nov. 25, 2014) ("For purposes of 28 U.S.C. § 1915A screening, [p]laintiff has done enough to allow a claim for bystander liability (failure to intervene) against the police officers who he states 'did nothing to stop' the alleged excessive force to proceed.").

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Accordingly, it is the **RECOMMENDATION** of the magistrate judge that a scheduling order should be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

The undersigned also **RECOMMENDS** that a show cause order be entered as to Defendant Spaggiari, requiring him to file a written answer or other responsive pleading and show cause why he should not be held in contempt of court for failing to comply with the court's January 4, 2017, order to file an answer within twenty-one days from March 23, 2017.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:16-CV-035-C.

Dated: April 21, 2017

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**